UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAROLYN R. JOHNSON, ET AL.          CIVIL ACTION NO. 07-0022

versus                               JUDGE HICKS

PUBLIC SERVICE COMMISSION,           MAGISTRATE JUDGE HORNSBY
ET AL.

REPORT AND RECOMMENDATION

**Introduction; Other Civil Actions**

Carolyn R. Johnson ("Plaintiff") has filed, without the assistance of counsel, ten civil actions between December 4, 2006 and February 10, 2007. They are <u>Johnson v. Police Department of Haynesville, et al.</u>, 06 CV 2295 (alleging unlawful eviction and seeking $2,000,000 in damages and the dismissal of certain elected officials); <u>Johnson v. Haynesville Housing Authority, et al.</u>, 06 CV 2300 (alleging unlawful eviction and seeking FBI and CIA investigations); <u>Johnson v. Centerpoint Energy, et al.</u>, 06 CV 2314 (complaining of disconnection of utility services and seeking $1,500,000 in damages and personal restraining orders); <u>Johnson v. Haynesville Housing Authority, et al.</u>, 06 CV 2315 (alleging illegal eviction and praying for an FBI investigation and dismissal of public officials); <u>Johnson v. School Board of Claiborne Parish, et al.</u>, 07 CV 21 (seeking $1,000,000 in damages because defendants allegedly failed to acknowledge an application for employment); <u>Johnson v. Public Service Commission, et al.</u>, 07 CV 22 (asking for $1,000,000 and that PSC members be sanctioned for not handling a utility problem to Plaintiff's satisfaction); <u>Johnson v.</u>

Entergy, et al., 07 CV 70 (seeking $2,500,000 in damages based on alleged disconnect of electricity); Johnson v. Minden Medical Center et al, 07 CV 209 (seeking $3,000,000 in damages for alleged medical malpractice and wrongful death); Johnson v. Kenynan Corp et al., 07 CV 220 (seeking $2,000,000 in damages and injunctive relief arising from a ban from Piggly Wiggly); and Johnson v. Graves et al, 07 CV 221 (seeking damages from a bank for not promptly funding her son's $2,000).

Plaintiff has purported to represent her son in some of the cases, but because she is not an attorney admitted to this court she may only represent herself. Attempting to represent others is the unauthorized practice of law. Plaintiff has also signed many of her submissions as "Johnson and Associates," perhaps attempting to suggest that she is operating a lawfirm.[1]

**This Civil Action**

Plaintiff alleges that she experienced a problem with utility service at her home and that she complained to Foster Campbell, her representative on the Louisiana Public Service Commission. Plaintiff alleges that Campbell, as well as defendants Bill Robertson and Ken Lamm (incorrectly named as "Lamb") failed to resolve the matter to Plaintiff's satisfaction or afford her a fuel adjustment credit to which Plaintiff believed she was entitled. Plaintiff alleges that Defendants would hang up when their caller-identification device indicated that

---

[1] Judge Hicks has imposed a sanction in one of Plaintiff's cases, Johnson v. Larry Graves, et al, 07 CV 221, that Plaintiff not be allowed to file any more civil actions without prior, written approval from a district judge.

Plaintiff was calling. Petitioner also alleges that Defendant Lamm "made lies" about Petitioner calling his home.

**Subject Matter Jurisdiction**

Defendants have filed a Motion to Dismiss (Doc. 7) on a number of grounds, including lack of subject matter jurisdiction. Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. <u>Aetna v. Hillman</u>, 796 F.2d 770 (5th Cir. 1986). The motion to dismiss was noticed for briefing, but Plaintiff has not filed timely opposition or made any other effort to articulate a basis for federal jurisdiction.

Plaintiffs who bring civil claims to federal court often attempt to base jurisdiction upon 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy exceeds $75,000. Plaintiff prays for $1,000,000 in damages, as well as the dismissal and recall of the defendant officials, but all indications are that Plaintiff and Defendants are all citizens of Louisiana. Plaintiff has not established facts to support the exercise of diversity jurisdiction under Section 1332.

The other common basis for plaintiffs to gain federal court jurisdiction is 28 U.S.C. § 1331, which requires that a plaintiff plead a claim that arises under federal law. The undersigned has reviewed Plaintiff's complaint and does not find any colorable basis for a federal statutory or constitutional claim. A person does not become vested with a federal claim every time she is dissatisfied with the response she receives from a public official.

Plaintiff has not met her burden of presenting facts that would permit the exercise of diversity jurisdiction. Plaintiff has also failed to plead a colorable federal claim or invoke any other grounds for a federal court to exercise jurisdiction over her complaint. The complaint should be dismissed for lack of subject matter jurisdiction.

Accordingly;

**IT IS RECOMMENDED** that Defendants' **Motion to Dismiss (Doc. 7)** be **granted** and that this civil action be **dismissed** for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 19th day of March, 2007.

                                                                                           MARK L. HORNSBY
                                                                                  UNITED STATES MAGISTRATE JUDGE